UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOBANPREET SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>SERGIO ALBARRAN, et al.,<br><br>    Respondents. | No. 1:26-cv-00822-DJC-CSK<br><br><br>ORDER |

Petitioner filed a Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order seeking immediate release from the custody of Immigration and Customs Enforcement ("ICE"). Petitioner entered the United States in June 2023, was detained by immigration officials and subsequently released. In January 2025, Petitioner pled No Contest to a violation of California Penal Code § 647(a) and in May 2025 was detained while attending a schedule check-in. Petitioner remains in custody. For the reasons discussed below, the Court DENIES Petitioner's Motion for Temporary Restraining Order.

**BACKGROUND**

Petitioner is a citizen and national of India who entered the United States without inspection in June 2023 as an unaccompanied minor. (Habeas Petition ("Pet.")

1

¶¶ 1,2.)  Petitioner was encountered by government officials after entry and subsequently released into the United States under Immigration and Nationality Act ("INA") § 236 (8 U.S.C. § 1226(a)).  (*Id.* ¶ 2.)  Petitioner was issued a Notice to Appear, which was not processed by immigration officials and in February, 025, the Immigration Judge closed the case for failure to prosecute.  (*Id.* citing (ECF No. 1-3, Ex. B).)

Petitioner was arrested in Fresno, California in July 2024 for an alleged violated of California Penal Code § 243.4(e)(1) for sexual battery, and in January 2025 plead No Contest to a misdemeanor violation of California Penal Code § 647.  (*Id.* ¶ 3; citing (ECF No. 1-4, Ex. C).)  It appears that Petitioner was sentenced to 364 days in jail and 12-months of probation and referred to the "Adult Offender Work Program" for 90 days.  (ECF No. 1-3, Ex. C.)

On May 1, 2025, during a routine checkup with immigration officials, Petitioner was detained and issued a new Notice of Removal.  (*Id.* ¶¶ 4,5 citing (ECF No. 1-6, Ex. D.)  An Immigration Judge subsequently denied Petitioner's request for a change in custody status hearing for a lack of jurisdiction because was subject to mandatory detention under 8 U.S.C. § 1226(c).  (*Id.* citing (ECF No. 1-5), Ex. D.)  While detained, Petitioner filed an asylum application.  (*Id.* ¶ 6 (citing ECF No. 1-7, Ex. F.)  Petitioner also filed a second request for a bond hearing in September 2025, and the Immigration Judge again denied the hearing citing "[n]o change in circumstances alleged in this request" since the June 2025 hearing.  (*Id.* ¶ 8.)

Petitioner has now filed a Petition for Writ of Habeas Corpus and the instant Motion for Temporary Restraining Order.  Respondents filed an Opposition (Opp'n (ECF No. 10) and Petitioner has failed to issue a Reply.  Respondents also request that this Court convert the instant Motion for Temporary Restraining Order into a Motion for Preliminary Injunction, and Petitioner has not opposed. (Opp'n at 2.)  Petitioner seeks immediate release from custody, or alternatively, a bond hearing pursuant to section 1226(a).

## LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." See *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted)

## DISCUSSION

### I. Likelihood of Success on the Merits

#### A. Statutory Claims

Petitioner has not shown serious questions or a likelihood of success on his claims under 8 U.S.C. § 1226(a) because a different mandatory detention provision applies. Respondents represent that Petitioner is detained pursuant to 8 U.S.C. § 1226(c), as amended and expanded by the Laken Riley Act, Pub. L. 119-1, 139 Stat. 3 (2025). (Opp'n at 3.) Section 1226(c) mandates detention of any noncitizen who is "inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title[.]" 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2)(i)(I) includes crimes involving moral turpitude. However, section 1182(a)(2)(iii)(II) includes a "petty offense exception" wherein section 1182(a)(2)(i)(I) does not apply to a noncitizen who committed only one crime if the:

> Maximum penalty possible for the crime of which the [noncitizen] was convicted (or of which the [noncitizen] admits having committed or of which the [noncitizen] admits having committed constituted the essential

elements) did not exceed imprisonment for one year, and if the [noncitizen] was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).

Here, the record reflects that Petitioner was plead No Contest to a violation of California Penal Code § 647 in January 2025. (Pet. ¶ 3.) The Immigration Judge subsequently determined that Petitioner was subject to mandatory detention under section 1226(c). (*Id.* ¶ 4.) Respondents argue that section 647 constitutes a crime of moral turpitude such that Petitioner falls within the scope of section 1226(c). (Opp'n at 3). Respondents also argue that because Petitioner was sentenced to 364 days in jail and 12 months of probation, the "petty crime exception" does not apply. (*Id.*) Petitioner does not challenge these records and failed to file a Reply.

Absent any further evidence or argument from Petitioner, at this stage the record demonstrates Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). Petitioner's detention is therefore expressly authorized by Congress. To the extent that Petitioner seeks the relief of a bond hearing in the alternative to release, section 1226(c) provides for detention without the opportunity for bond for individuals deemed to be criminal noncitizens. *See* 8 U.S.C. § 1226(c)(1).

**B. Due Process**

Petitioner nevertheless contends that under *Mathews v. Eldridge,* 424 U.S. 319 (1976), even if section 1226(c) applies to him, he is entitled to a bond hearing. Petitioner has been in custody since May 2025, meaning he has been detained for around nine months. (Pet. ¶ 4; Opp'n at 6.) Respondents acknowledge the range of tests courts apply in this scenario but argue that Petitioner's detention is constitutional. (Opp'n at 6.)

In *Demore v. Kim,* 538 U.S. 510 (2003), the Supreme Court upheld the constitutionality of section 1226(c)'s mandatory detention provision on a facial challenge. However, as-applied constitutional challenges to the application of section

4

1226(c) have not been foreclosed. *Nielson v. Preap,* 586 U.S. 392, 420 (2019) ("Our decision today on the meaning of that statutory provision does not foreclose as-applied-constitutional challenges-that is, constitutional challenges to applications of the statute as we have now read it."); *see Perera v. Jennings,* 598 F. Supp. 3d 736, 744 (N.D. Cal. 2022) (explaining that *Demore*'s conclusion that section 1226(c) is constitutional in some applications does not mean courts have no power to grant habeas petitions raising as-applied constitutional challenges to detention without a bond hearing).

Here, Petitioner's detention is mandated under § 1226(c). Additionally, Petitioner's detention is not indefinite, as there is a "definite termination point" at the conclusion of his ongoing legal challenges. *See Rodriguez Diaz,* 53 F.4th at 1207–08 ("the process he received during [his detention], the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order."). Although Petitioner has now been in custody for around nine months, the Court notes that some of that delay is due to his requests for continuances and asylum application. Finally, Petitioner has been afforded a custody determination hearing in June 2025. Thus, the Court finds that, at this stage and with the record as it currently stands, Petitioner has not established serious questions or likelihood of success on the merits of his claim. *See Oth v. Chestnut,* 2026 WL 323053, at *8 (E.D. Cal. Feb. 6, 2026) (declining to find that petitioner had a due process right to a bond hearing under 1226(c)).

Because Petitioner has not demonstrated serious questions or a likelihood of success on the merits as to his claims, the Court need not consider the other *Winter* factors. *California v. Azar,* 911 F.3d 558, 575 (9th Cir. 2018).

////

////

////

////

**CONCLUSION**

In accordance with the above, Petitioner's Motion for Temporary Restraining Order is converted to a Motion for Preliminary Injunction (ECF No. 3) and DENIED. The matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated: **February 11, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – SINGH26cv00822.tro/pi_v1