UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOBANPREET SINGH, | Case No.  1:26-cv-00822-DJC-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SERGIO ALBARRAN, Field Office Director of Enforcement and Removal Operations, et al., | |
| Respondents. | |

Petitioner Jobanpreet Singh, a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment, exceeds statutory authority, and violates the Administrative Procedure Act.  (Id. (claims one through four).)  For the following reasons, this Court recommends that the petition be denied.

I.      **LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality

1

of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.     DISCUSSION[1]**

On January 30, 2026, petitioner filed a motion for a temporary restraining order. (ECF No. 2.) On February 4, 2026, respondents filed a motion to dismiss, response to the petition, and opposition to injunctive relief. (ECF No. 10.) On February 11, 2026, the district judge converted petitioner's motion for temporary restraining order to a motion for preliminary injunction, denied the motion, and referred the matter to the undersigned for all further proceedings. (See id.) On February 13, 2026, the Court ordered petitioner to file an opposition to respondent's motion to dismiss within seven days of the date of the February 13, 2026 order. (ECF No. 12.) Respondents' reply, if any, was due seven days thereafter. (Id.) Petitioner did not file an opposition to the motion to dismiss. (See Docket.) As of March 11, 2026, no additional argument or evidence has been submitted since the district judge's denial of petitioner's motion for preliminary injunction. (Id.)

The record before the court, which petitioner does not challenge, reflects that petitioner pled No Contest to a violation of California Penal Code § 647 in January 2025, and was detained by ICE in May 2025. Where the record before the district court has not changed since the district judge's ruling on the motion for preliminary injunction and where petitioner has failed to oppose or respond to respondent's motion to dismiss and merits brief, this Court recommends that the petition for writ of habeas corpus be denied based on finding that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) (claims one, two, and three). Petitioner's

---

[1]   The factual and procedural background previously presented in the district judge's February 11, 2026 order is incorporated herein. (See ECF No. 10.)

"detention is therefore expressly authorized by Congress." 2/11/2026 Order at 4. As such, petitioner is also not entitled to a bond hearing. 8 U.S.C. § 1226(c)(1); see also 2/11/2026 Order at 4. The Court further recommends that denying the due process claim (claim four) because petitioner's detention is mandated by § 1226(c) and his "detention is not indefinite, as there is a 'definite termination point' at the conclusion of his ongoing legal challenges." 2/11/2026 Order at 5 (quoting Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207-08 (9th Cir. 2022)). In addition, the Court notes that petitioner was provided a custody determination hearing in June 2025.

**III.     CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1.   The petition for writ of habeas corpus (ECF No. 1) be DENIED.

2.   The Clerk of Court be directed to enter judgment for respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 12, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/sing0822.26.fr-merits/4

3